WO          IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

TINA WRIGHT,                )
                            )
                Plaintiff,  )
                            )
    vs.                     )
                            )
WALMART, INC.,              )
                            )   No. 3:18-cv-0295-HRH
                Defendant.  )
_____)

O R D E R

Motion for Ruling of Law

Defendant moves for a ruling of law that plaintiff may not recover the differential between the medical providers' rack rates and the Medicare and Medicaid rates accepted as full payment for medical services rendered.[1] This motion is opposed.[2] Oral argument was not requested and is not deemed necessary.

Plaintiff Tina Wright brings a state-law negligence claim against defendant Walmart, Inc., alleging that she was injured in an incident at defendant's store. Defendant contends that plaintiff is claiming $54,505 in past medical expenses, even though her medical providers have accepted $17,000 as payment in full from Medicare/Medicaid. Defendant moves for a ruling of law that plaintiff may recover only the $17,000 which was actually

---

[1]Docket No. 16.

[2]Docket No. 17.

-1-

paid, and not the $54,505 that was billed. Defendant argues that the $17,000 is all plaintiff should be allowed to recover for past medical expenses because this amount represents her actual loss and that the differential is not a collateral source to be offset post-trial.

Until very recently, the Alaska Supreme Court had not addressed this issue. However, in a decision issued on August 2, 2019, the Alaska Supreme Court

> conclude[d] that the amounts billed by the providers are relevant evidence of the medical services' reasonable value. We further conclude that the difference between the amounts billed and the amounts paid is a benefit to the injured party that is subject to the collateral source rule; as such evidence of the amounts paid is excluded from the jury's consideration but is subject to post-trial proceedings under AS 09.17.070 for possible reduction of the damages award.

Weston v. AkHappytime, LLC d/b/a Alex Hotel & Suites, — P.3d —, 2019 WL 3519685, at *1 (Alaska 2019). AS § 09.17.070 would apply in a diversity case such as this. Grove v. Unocal Corp., Case No. 3:04-CV-00096-TMB-DMS, 2008 WL 11429728, at *2 (D. Alaska Feb. 12, 2008). While application of the collateral source rule in this case may mean that plaintiff, if she were to prevail on her negligence claim, would be entitled to recover something less than the amount her medical providers billed, the court cannot say, as a matter of law, that plaintiff would be limited to recovering the $17,000 that was actually paid.

Defendant's motion for a ruling of law is denied.

DATED at Anchorage, Alaska, this 7th day of August, 2019.

/s/ H. Russel Holland
United States District Judge